IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID LEE HICKMAN JR.,

                    Petitioner,

          vs.

ROB JEFFREYS,

                    Respondent.

4:25CV3130

MEMORANDUM AND ORDER

This matter is before the Court on preliminary review of Petitioner David Lee Hickman Jr.'s Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. Also before the Court is Petitioner's request to amend the petition. Filing No. 7. For the reasons that follow, the Court finds the petition sets forth potentially cognizable habeas claims and Petitioner's request for leave to amend should be granted to give Petitioner an opportunity to amend his habeas petition before this matter progresses further.

## I. INITIAL REVIEW

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducts an initial review of the petition to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:       Petitioner's trial counsel was ineffective for failing to request a continuance to secure the attendance of witnesses necessary to his defense.

| Claim Two: | Petitioner's appellate counsel was ineffective for failing to raise on direct appeal that the State violated due process for not including a lesser included offense in the jury instructions. |

| Claim Three: | Petitioner's appellate counsel was ineffective for failing to argue that Petitioner's confession was not voluntary due to jail phone calls and coercion from Investigators Jennings and Cronin. |

| Claim Four: | The trial court abused its discretion by denying Petitioner's alibi defense and not instructing the jury on his alibi defense in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. |

| Claim Five: | Petitioner's trial counsel was ineffective for failing to impeach Michael Nunn with inconsistent statements. |

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

## II. REQUEST TO AMEND PETITION

Petitioner filed a motion seeking permission to amend his petition due to "Petitioner receiving New Evidence that would prove his claims to be true." Filing No. 7. Upon consideration, the Court will grant Petitioner's motion, and Petitioner shall have 30 days to file an amended habeas petition setting forth all his habeas claims he wishes to pursue. The Court will wait to enter an order progressing this matter and requiring Respondent to file a response to the petition until after Petitioner has an opportunity to amend his petition.

2

If Petitioner fails to file an amended petition or request an extension of time to file an amended petition within 30 days, then the Court will progress this matter on the present petition, Filing No. 1, and the claims set forth above.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner included a request for appointment of counsel in his petition due to his lack of legal knowledge and not being a skilled lawyer. Filing No. 1 at 11. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this early stage in the proceedings. Petitioner's lack of legal training does not distinguish him from the vast majority of pro se inmate litigants. *See Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) ("As a prisoner, Recca understandably faced challenges representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural

3

complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. However, this matter will not progress further until after Petitioner has an opportunity to amend his petition as set forth below.

2. Petitioner's request to amend his petition, Filing No. 7, is granted. Petitioner shall have until **October 17, 2025**, to file an amended habeas petition setting forth all the claims for relief he wishes to pursue in this habeas case. To be clear, Petitioner must set forth his claims from his original petition, Filing No. 1, and any additional claims in his amended petition. **Petitioner is warned that the amended petition will supersede, not supplement, his original petition.** Petitioner is encouraged to utilize the enclosed form petition for a writ of habeas corpus under 28 U.S.C. § 2254. If Petitioner fails to file an amended petition by **October 17, 2025**, then this matter will proceed on the claims in the original petition as set forth above in this Memorandum and Order.

3. If Petitioner requires additional time to amend his petition he must file a written motion seeking an extension of time before the expiration of the **October 17, 2025,** deadline.

4. The Clerk of Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

5.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 17, 2025**: deadline for amended petition.

6.     Petitioner's request for appointment of counsel contained in his petition, Filing No. 1 at 11, is denied without prejudice to reassertion.

Dated this 17th day of September, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge